24CA1316 Peo in Interest of Lawrence 10-10-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1316
Pueblo County District Court No. 18MH194
Honorable Timothy O'Shea, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Seth Ayden Lawrence,

Respondent-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Plaintiff-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 Seth Ayden Lawrence appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (CMHHIP) to involuntarily medicate him. We affirm.

## I. Background

¶ 2 In 2021, in a criminal case brought against Lawrence, the parties stipulated that he was not guilty by reason of insanity, and he was committed to CMHHIP. Prior to that, between 2018 and 2020, the district court issued six orders authorizing staff at CMHHIP to involuntarily medicate him to restore his competency. The last two of those orders settled on the antipsychotic drug clozapine as the sole medication with which to treat him.

¶ 3 Between 2021 and 2023, the district court issued six more orders authorizing staff at CMHHIP to involuntarily medicate Lawrence with clozapine. Lawrence appealed the last two of those orders, which divisions of this court affirmed. *People in Interest of Lawrence*, (Colo. App. No. 23CA1167, Aug. 31, 2023) (not published pursuant to C.A.R. 35(e)); *People in Interest of Lawrence*, (Colo. App. No. 23CA2234, Mar. 21, 2024) (not published pursuant to C.A.R. 35(e)).

1

¶ 4 In July 2024 — days before the most recent order was going to expire — the People filed the petition at issue, again seeking an order authorizing the involuntary administration of clozapine, as well as all appropriate physical examinations, vital sign measurements, and lab work necessary to safely monitor Lawrence's use of the medication.

¶ 5 At a hearing, the district court heard the testimony of the CMHHIP psychiatrist overseeing Lawrence's care and Lawrence himself. The psychiatrist, who was qualified as an expert in clinical psychiatry, testified that Lawrence suffers from schizophrenia resulting in delusional thought processes, audio hallucinations, and disorganized and impulsive behavior. He also testified that Lawrence has a long history of success while taking his medication and decompensation when he stops taking it. The psychiatrist testified that Lawrence for the most part has "responded very well" to clozapine, describing it as the "gold standard" for people with schizophrenia who, like Lawrence, have not responded to other antipsychotic medications. But, the psychiatrist explained, Lawrence had recently expressed a desire to not take clozapine.

¶ 6        Lawrence testified that he does not have a mental illness and that he only needs clozapine to treat his insomnia, while clarifying on cross-examination that he also needs it for stabilization. Lawrence also testified that he would agree to take clozapine but that he did not want a court order requiring him to do so.

¶ 7        The People recalled the psychiatrist to the stand, who testified that he did not have confidence that Lawrence would voluntarily maintain his use of clozapine.

¶ 8        At the conclusion of the hearing, the district court found that Lawrence's psychiatrist had testified "credibly and persuasively" and adopted the psychiatrist's opinions. The court also found that Lawrence's testimony that he would take the medications voluntarily was not credible. The court then made findings that the four-part test from *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985), was met.

II.        Legal Principles and Standard of Review

¶ 9        A court may authorize the involuntary administration of medication if the People demonstrate by clear and convincing evidence that (1) the person is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent

3

a significant and likely long-term deterioration in the person's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others in the institution; (3) a less intrusive treatment alternative is not available; and (4) the person's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the person in refusing treatment. *Id.*

¶ 10 Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they are supported by the record but review the court's legal conclusions de novo. *Id.* Resolving conflicts in testimony and determining the credibility of the witnesses are solely within the province of the fact finder. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

¶ 11 We must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *Id.* at ¶ 30.

### III. Analysis

¶ 12    Lawrence does not contest the district court's rulings that the first, second, and fourth elements of the *Medina* test were met. Instead, he only challenges the sufficiency of the evidence supporting the court's ruling that a less intrusive treatment alternative was not available.

¶ 13    In doing so, Lawrence emphasizes his own testimony that he needs clozapine and wants the opportunity to take it voluntarily without a court order. However, as previously noted, the district court specifically found that Lawrence's testimony that he would take clozapine voluntarily was not credible. Further, as the psychiatrist testified, and as the district court found, Lawrence had a long history of starting but then stopping his medication. Given that testimony and those findings, the mere fact that Lawrence had not recently rejected his medication does not undermine the sufficiency of the overall evidence supporting the district court's order.

### IV. Disposition

¶ 14    The order is affirmed.

JUDGE PAWAR and JUDGE SCHUTZ concur.